## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SARA ANDREWS | § | |
| | § | |
| VS. | § | **C.A. NO. 3:23-cv-00067** |
| | § | **(JURY)** |
| STATE FARM LLOYDS | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 212th District Court, Galveston County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On January 27, 2023, Plaintiff filed this action against State Farm in the 212th District Court in Galveston County, Texas. The state court cause number is 23-CV-0143 ("State Court Action"). State Farm was served on February 3, 2023 and filed its answer on February 27, 2023. In Plaintiff's Original Petition ("Original Petition"), Plaintiff states he seeks damages over $250,000. The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2.      In accordance with 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 212th District Court in Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

## II.
### NATURE OF SUIT

3.     Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with a Homeowner Policy for damage to their home caused by a windstorm that occurred on or about June 15, 2021.  *Plaintiff's Original Petition at ¶ 10*.  Plaintiff asserts causes of action for breach of contract and for violations of the Texas Insurance Code, DTPA, breach of the duty of good faith and fair dealing, and fraud. *Id*. at ¶ 31. As addressed in further detail below, State Farm now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
### BASIS OF REMOVAL

4.     The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.     First, the parties are diverse. At all relevant times, Plaintiff was, and continue to be, resident of Galveston County, Texas.  *Plaintiff's Original Petition at ¶ 2*.  State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code.  The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at

\*1 (S.D. Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas.  *See Affidavit of Weslie Sawyer attached as Exhibit B*.  Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim.  *See Plaintiff's Original Petition at* ¶¶ 7-30.  Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000. *See Id.* at ¶ 4. Plaintiff further alleges actual damages of at least $106,821.95. *See Id.* at ¶ 15. Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## IV.
### REMOVAL PROCEDURES

7.      On January 27, 2023, Plaintiff filed this case against State Farm in the 212th District Court of Galveston County, Texas. State Farm was served on February 3, 2023.  State Farm filed its Answer on February 27, 2023. This Notice of Removal is being timely filed on March 3, 2023. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8.      The Galveston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Galveston County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Galveston County. 28 U.S.C. § 1441(a).  Galveston County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed.  In addition, pursuant to 28

U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Galveston County Clerk's Office and served on the Plaintiff.

10.    A jury trial was requested in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## PRAYER

11.    State Farm respectfully requests that the above-styled action now pending in in the 212th District Court of Galveston County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

GERMER PLLC

By: _Rachel Crutchfield_
    **DALE M. "RETT" HOLIDY**
    Federal Bar No. 21382
    State Bar No. 00792937
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile
    holidyefile@germer.com

    **ATTORNEY FOR DEFENDANT,
    STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rcrutchfield@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 3rd day of March, 2023.

Shaun W. Hodge                                                        **VIA CM/ECF**
Rachel D. Cabrera
THE HODGE LAW FIRM, PLLC
1301 Market Street
Galveston, Texas 77550
shodge@hodgefirm.com
rcabrera@hodgefirm.com

_Rachel Crutchfield_
**RACHEL CRUTCHFIELD**

**INDEX OF DOCUMENTS FILED**
**WITH REMOVAL ACTION**

**SARA ANDREWS V. STATE FARM LLOYDS**

(A)    Plaintiff's Original Petition

(B)    Affidavit of Weslie Sawyer

(C)    Citation

(D)    Answer for Defendant State Farm Lloyds

(E)    Jury Demand for Defendant State Farm Lloyds

(F)    State Court Case Summary/Docket Sheet

(G)    List of Attorneys/Parties

Filed: 1/27/2023 10:45 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 72209878
By: Shailja Dixit
1/27/2023 10:59 AM

23-CV-0143

CAUSE NO. _____

| | | |
|---|---|---|
| SARA ANDREWS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | Galveston County - 212th District Court |
| | § | |
| | § | |
| v. | § | _____JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | GALVESTON COUNTY, TEXAS |
| *Defendant* | | |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sara Andrews (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.  Plaintiff, Sara Andrews, is an individual domiciled in Galveston County, Texas.

3.  Defendant, State Farm Lloyds, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent at **Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.**

Status Conference - 04/27/2023

---

Defendant's
Exhibit
**A**

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

5.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's cause of action arise out of this Defendant's business activities in the State of Texas.

6.    Venue is proper in Galveston County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

7.    Plaintiff is the owner of Texas insurance policy number 53-65-7824-1 (hereinafter the "Policy"), which was issued by Defendant.

8.    Plaintiff owns the insured properties, which is specifically located at 815 West Galveston Street, League City, Texas 77573 (hereinafter the "Property").

9.    Defendant sold the Policy insuring the Property to Plaintiff.

10.    On or about June 15, 2021, Plaintiff's property suffered substantial damage from a windstorm.

11.    Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the leak event.  Upon information and belief, the defendant was assigned the number 53-26P0-00S to the claim.

12.    Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

13.    On or about November 1, 2021, Defendant inspected the property and found some damage in the amount of $9,699.28 replacement cost value. After applying deductible and

removing depreciation, Defendant issued a payment of $680.47 to Plaintiff. Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

14.    As a result of Defendant's failure to properly investigate the claim, Plaintiff hired, public adjusting firm, InsuranceBusters.Net, to inspect the property and provide an estimate of covered damages.

15.    On or about May 8, 2022, Mr. Treston Clark of InsuranceBusters.Net inspected the Property and found that the Property suffered damages in the total amount of $106,821.95. InsuranceBusters.Net, on behalf of the Plaintiff, promptly submitted proof of loss, including the estimate and a photo report, to the Defendant for payment. To date, Plaintiff has not yet received full payment to which he is entitled to under the Policy.

16.    Defendant set about to deny and/or underpay on properly covered damages. As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

17.    As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18. To date, Defendant continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to the Property.

19. Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

20. Defendant misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

24.    Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.    Defendant failed to accept or deny Plaintiff full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Defendant's

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28.   From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29.   Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

30.   As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

31.   Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

32.   The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

33.   Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

34.   Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

35. The Defendant's breach proximately caused Plaintiff's injuries and damages.

36. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

38. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39. Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40. Defendant's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41. Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights

to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42.    Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

43.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44.    The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice. The Defendant is liable for the Claim. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

45.    Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

46.    Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

47.    Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

48. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

49. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

50. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

51. Defendant's conduct proximately caused Plaintiff injuries and damages.

## **VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT**

52. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

53. Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

54. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)   Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)   Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   c)   Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)   Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)   Violated the provisions of the Texas Insurance Code described herein.

55.   The Defendant took advantage of the Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and to the Plaintiff detriment.  The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendant's violations of the DTPA, Plaintiff suffered actual damages.  In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## DAMAGES

56.   Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

57.   Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

58.   The damages caused by water leak has not been properly addressed or repaired in the months since the leak, causing further damages to the Property, and causing undue hardship

---

and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

59.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

60.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times actual damages. TEX. INS. CODE §541.152.

61.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

62.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

63.     For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest, and court costs.

64.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

65.     Plaintiff is not making any claims for relief under federal law.

---

## JURY DEMAND

66.    Plaintiff requests a jury trial and have tendered any and all requisite fees for such along

with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

67.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to

disclose, within fifty (50) days of service of this request, the information described in Rule

194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiff respectfully requests that final judgment be rendered for the

Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the
jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.


Respectfully Submitted,


**THE HODGE LAW FIRM, PLLC**

*/s/ Racchel D. Cabrera*
**Shaun W. Hodge**
Texas Bar No. 24052995
shodge@hodgefirm.com
**Racchel D. Cabrera**
Texas Bar No. 24109093
rcabrera@hodgefirm.com
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Emily Forasiepi on behalf of Racchel Cabrera
Bar No. 24109093
eforasiepi@hodgefirm.com
Envelope ID: 72209878
Status as of 1/27/2023 11:00 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | · | bbethscheider@hodgefirm.com | 1/27/2023 10:45:52 AM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 1/27/2023 10:45:52 AM | SENT |
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 1/27/2023 10:45:52 AM | SENT |
| Emily Forasiepi | | eforasiepi@hodgefirm.com | 1/27/2023 10:45:52 AM | SENT |
| Racchel Cabrera | | rcabrera@hodgefirm.com | 1/27/2023 10:45:52 AM | SENT |
| Michael Fridman | | mfridman@hodgefirm.com | 1/27/2023 10:45:52 AM | SENT |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| SARA ANDREWS | § | |
| | § | |
| VS. | § | C.A. NO. 3:23-cv-00067 |
| | § | (JURY) |
| STATE FARM LLOYDS | § | |

### AFFIDAVIT OF WESLIE SAWYER

This day appeared before me, the undersigned authority, WESLIE SAWYER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Weslie Sawyer. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On June 24, 2022, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 10, 2021 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:  Michele Celeste Russo replaced Annette Romero Martinez.



Defendant's
Exhibit

B

The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger:  Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson:  Ms. Johnson is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord:  Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak:  Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo:  Ms. Russo is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the June 24, 2022 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

_WESLIE SAWYER_

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the __1st__ day of __March__, 2023.

_Notary Public for the State of Illinois_

AMANDA GUYER
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 06, 2026



KSB / ALL
**Transmittal Number: 26330591**
**Date Processed: 02/06/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Sara Andrews vs. State Farm Lloyds |
| **Matter Name/ID:** | Sara Andrews vs. State Farm Lloyds (13573598) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Galveston County District Court, TX |
| **Case/Reference No:** | 23-CV-0143 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/03/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Hodge Law Firm, PLLC<br>409-762-5000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



# CITATION

### THE STATE OF TEXAS

**SARA ANDREWS VS. STATE FARM LLOYDS**

Cause No.: 23-CV-0143
212th District Court of Galveston County



TO:    State Farm Lloyds
       Registered Agent, Corporation Service Company
       211 E 7th Street, Suite 620
       Austin, TX 78701-3218

*PSL-6008*
*2-3-23*

> **GREETINGS: YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed January 27, 2023. It bears cause number **23-CV-0143** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 27th day of January, 2023.**

Issued at the request of:
Racchel Cabrera
The Hodge Law Firm PLLC
1301 Market Street
Galveston TX 77550



**John D. Kinard**, District Clerk
Galveston County, Texas

By _____
   Elissa Alvarado, Deputy

---

### The District Courts of Galveston County, Texas Status Conference Notice
### Please calendar this event

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## <u>Date :04/27/2023 set in the 212th District Court - Judge Patricia Grady</u>

## RETURN OF SERVICE

| Case No. 23-CV-0143 | In the 212th District Court |
|---|---|

**Sara Andrews vs. State Farm Lloyds**

Come to hand on _____ at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

To:   State Farm Lloyds
      Registered Agent, Corporation Service Company
      211 E 7th Street, Suite 620
      Austin, TX 78701-3218

| SERVED: | | ADDRESS/LOCATION | |
|---|---|---|---|
| DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURT HOUSE | MILEAGE |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

FEES: Serving CITATION and copy  $_____

TOTAL FEES AND MILEAGE $

Mileage _____ miles @ $_____ per mile   Total $_____

Signed on _____ day of _____, 20_____                                    **Officer**

**County, TX**

**Deputy /Officer Signature**

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c)**. The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
               (First)          (Middle)          (Last)

And my address is _____
                          Street, City, State, Zip, County

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____ County, State of _____, on _____.

| Declarant/Authorized Process Server Signature | ID# and expiration of certification |
|---|---|

Filed: 2/27/2023 11:34 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 73134810
By: Shailja Dixit
2/27/2023 11:38 AM

CAUSE NO. 23-CV-0143

| | | |
|---|---|---|
| **SARA ANDREWS** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **212TH JUDICIAL DISTRICT** |

<u>**DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

I.<br>GENERAL DENIAL

1. State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm requires Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

II.<br>DEFENSES

2. **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.

3. **Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the



Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

      **4.**    **Deductible/Offset.** State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

      **5.**    **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

      **6.**    **Failure of Policy Considerations/Conditions Precedent.** State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss."

      **7.**    **Loss Settlement Provision/Conditions Precedent: Replacement Cost Benefits.** Plaintiff has not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits or additional payments. State Farm paid Plaintiff's covered damages under the Coverage A claim per by the Policy's loss settlement provision. The Policy provides in relevant part:

**SECTION I – LOSS SETTLEMENT**
**COVERAGE A – DWELLING**

**A1 – Replacement Cost Loss Settlement – Similar Construction**:

    a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

        (1)  until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations,** not to exceed the cost to repair or replace the damaged part of the property;

2

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed…

**8.      Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence.

**9.      Normal Wear and Tear and Maintenance.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.  We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

      *  *  *  *  *

g.  wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

      *  *  *  *  *

i.  wet or dry rot;

      *  *  *  *  *

k.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings.

l.  all animals, birds, or insects.
    (1)     This includes:

3

(a)      nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;
(b) costs to remove animals, birds, or insects from returning to the property;
(c) costs to prevent the animals, birds, or insects from returning to the property;

\*   \*   \*   \*   \*

m.  pressure from or presence of tree, shrub, or plant roots.

3.  We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   b.  defect, weakness, inadequacy, fault or unsoundness in:

      (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

      (3) materials used in repair, construction renovation, remodeling, grading, or compaction; or

      (4) maintenance;

\*   \*   \*   \*   \*

   c.  weather conditions.

**10.**     **Bona Fide/Legitimate Dispute.**    A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**11.**     **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

4

12.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

13.     **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, she is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

14.     **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiff's

possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

## III.
## RIGHT TO AMEND

15.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_____

    **DALE M. "RETT" HOLIDY**
    State Bar No. 00792937
    holidyefile@germer.com
    **RACHEL CRUTCHFIELD**
    State Bar No. 24012481
    rcrutchfield@germer.com
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile

    **ATTORNEYS FOR DEFENDANT,**
    **STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 27th day of February, 2023.

Shaun W. Hodge                                                                    **VIA E-FILE**
Rachel D. Cabrera
THE HODGE LAW FIRM, PLLC
1301 Market Street
Galveston, Texas 77550
shodge@hodgefirm.com
rcabrera@hodgefirm.com


_____
**RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 73134810
Status as of 2/27/2023 11:39 AM CST

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dale "Rett" Holidy | | holidyefile@germer.com | 2/27/2023 11:34:33 AM | SENT |
| Rachel Crutchfield | | rcrutchfield@germer.com | 2/27/2023 11:34:33 AM | SENT |

Associated Case Party: Sara Andrews

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shaun W. Hodge | | shodge@hodgefirm.com | 2/27/2023 11:34:33 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Racchel D.Cabrera | | rcabrera@hodgefirm.com | 2/27/2023 11:34:33 AM | SENT |

CAUSE NO. 23-CV-0143

| | | |
|---|---|---|
| SARA ANDREWS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 212TH JUDICIAL DISTRICT |

## DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

      WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

            Respectfully submitted,

            **GERMER PLLC**

By: _Rachel Crutchfield_____
            **DALE M. "RETT" HOLIDY**
            State Bar No. 00792937
            holidyefile@germer.com
            **RACHEL CRUTCHFIELD**
            State Bar No. 24012481
            rcrutchfield@germer.com
            America Tower
            2929 Allen Parkway, Suite 2900
            Houston, Texas 77019
            (713) 650-1313 – Telephone
            (713) 739-7420 – Facsimile

            **ATTORNEYS FOR DEFENDANT,**
            **STATE FARM LLOYDS**

Defendant's Exhibit

E

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 27th day of February, 2023.

Shaun W. Hodge                                                     <u>Via E-File</u>
Racchel D. Cabrera
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
shodge@hodgefirm.com
rcabrera@hodgefirm.com


_____
**RACHEL CRUTCHFIELD**

## Case Information

23-CV-0143 | Sara Andrews vs. State Farm Lloyds

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 23-CV-0143 | 212th District Court | Grady, Patricia |
| File Date | Case Type | Case Status |
| 01/27/2023 | Contract - Debt - Commercial/Consumer | Active |

## Party

**Plaintiff**
Andrews, Sara

Active Attorneys ▾
Lead Attorney
Cabrera, Racchel
Retained

Attorney
Hodge, Shaun W.
Retained

**Defendant**
State Farm Lloyds

Address
Registered Agent, Corporation Service Company
211 E 7th Street, Suite 620
Austin TX 78701-3218

Active Attorneys ▾
Lead Attorney
Crutchfield, Rachel
Retained



Defendant's
Exhibit

**F**

## Events and Hearings

01/27/2023 Original Petition - OCA ▾

Original Petition - Andrews.pdf

> Comment
> Petition

01/27/2023 Request for Civil Service ▾

Request for Service.pdf

> Comment
> 1 Citation to be Emailed; Assigned to E.A.

01/27/2023 Status Conference Sheet ▾

Status Conference Sheet

> Comment
> Emailed to Atty.

01/27/2023 Receipt Acknowledge ▾

Receipt Acknowledge

> Comment
> Emailed Status Conference Sheet to Atty.

01/27/2023 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

> Comment
> 1 citation issued and emailed to attorney

01/27/2023 Receipt Acknowledge ▾

Receipt Acknowledge

> Comment
> of e-citation

02/21/2023 Return of Service on Citation/Subpoena ▾

Affidavit - Return of Service.- STATE FARM LLOYDS-aff.pdf

> Comment
> Affidavit - Return of Service.

02/27/2023 Original Answer ▾

Original Answer

> Comment
> Original Answer

02/27/2023 Jury Demand ▾

Deft's Jury Demand.

> Comment
> Deft's Jury Demand.

04/27/2023 Status Conference ▾

Hearing Time
9:15 AM

## Financial

Andrews, Sara

|  | Total Financial Assessment | | | $358.00 |
|  | Total Payments and Credits | | | $358.00 |

| 1/27/2023 | Transaction Assessment | | | $358.00 |
| 1/27/2023 | Payment | Receipt # 2023-01621-DC | Andrews, Sara | ($221.00) |
| 1/27/2023 | State Credit | | | ($137.00) |

## Documents

Original Petition - Andrews.pdf

Request for Service.pdf

Status Conference Sheet

Receipt Acknowledge

Citation Issuance - Work Product

Receipt Acknowledge

Affidavit - Return of Service.- STATE FARM LLOYDS-aff.pdf

Original Answer

Deft's Jury Demand.

**INDEX OF DOCUMENTS FILED**
**WITH REMOVAL ACTION**

**SARA ANDREWS V. STATE FARM LLOYDS**

(A)     Plaintiff's Original Petition

(B)     Affidavit of Weslie Sawyer

(C)     Citation

(D)     Answer for Defendant State Farm Lloyds

(E)     Jury Demand for Defendant State Farm Lloyds

(F)     State Court Case Summary/Docket Sheet

(G)     List of Attorneys/Parties

